MARTIN SCHNABEL
Vice President & General Counsel
New York City Transit Authority
130 Livingston Street, Room1210
Brooklyn, NY 111201
Francine E. Menaker (FEM-8732)
Assistant General Counsel,
  Of Counsel
  (718) 694-3891

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DANIEL P. D'ANTONIO, et al,

                                              Plaintiffs,

    - against -                                     **DECLARATION OF**
                                                                **FRANCINE E. MENAKER**

METROPOLITAN TRANSPORTATION
AUTHORITY, NEW YORK CITY TRANSIT          2006 Civ. 4283 (KMW) (JCF)
AUTHORITY, TRANSPORT WORKERS UNION OF
AMERICA, AFL-CIO, LOCAL 100, and ROGER
TOUSSAINT as President of Transport Workers Union
Local 100, JOHN DOE and JANE DOE and other
persons to be named later as officials of Transport
Workers Union, AFL-CIO, Local 100,

                                              Defendants.

------------------------------------------------------------------x

FRANCINE E. MENAKER, pursuant to 28 U.S.C. § 1746 declares:

1.    I am an attorney in the office of MARTIN B. SCHNABEL, General Counsel, New York City Transit Authority ("TA"), attorneys for defendant TA. As such, I am fully familiar with the facts stated herein. I submit this declaration in support of the TA's motion to dismiss the complaint.

2.    The New York City Transit Authority (the "NYCTA") is a public authority and public benefit corporation duly organized and existing under the Public Authorities Law of the State of New York since 1953, and has a place of business at 130 Livingston Street, Brooklyn, Kings

952436;GLIS 9794

County, New York.  N.Y. Pub. Auth. Law § 1200, et seq.

3. The instant action was commenced on or about August 2006.

4. In or about February, the complaint was amended by leave of Court, to add the TA as a defendant. A copy of the Amended Complaint ("Complaint") is annexed hereto as Exhibit 1.

5. The Complaint is brought by five individuals all of whom claim to be employees of the TA. (Complaint ¶¶ 14, 18, 22, 26, 30, 34).[1]

6. One of those individuals purports to be Daniel P. D'Antonio. However TA records do not indicate an employee by that name. However records indicate that there is, employed by the TA, a Peter D. Antonio, a train operator, who lives at the address ascribed to Mr. D'Antonio in the Complaint.

7. Further, contrary to the allegations in the Complaint (¶¶ 22, 24), according to TA records, plaintiff Millicent Sullivan did not commence employment with the TA until June 2000, and, consequently, could not have had wages deducted from her pay in 1995 and 1996.

8. Records for Mr. Antonio and Ms. Sullivan are attached as Exhibit 2.

9. Further, as addressed in the TA's Statement of Facts and Memorandum of Law, the neither the CBA governing the terms and conditions of plaintiffs' employment nor the terms of the retirement benefits plans at issue promise the availability of or give plaintiffs ant interest in and Health or Welfare Benefits Trust funds.

---

[1] TA records indicate no employee named Daniel P. D'Antonio. However there is a Peter D. Antonio, a train operator, who lives at the address ascribed to Mr. D'Antonio in the amended complaint. Further, contrary to the allegations in the Complaint (¶¶ 22,24) Millicent Sullivan did not commence employment with the TA until June 2000, and, consequently, could not have had wages deducted from her pay in 1995 and 1996). A copy of the Complaint is annexed to the Declaration of Francine E. Menaker ("Menaker Dec.") as Exhibit 1. Copies of the cited TA records are annexed thereto as Exhibit 2. Unless otherwise noted all Exhibits are annexed to the Menaker Dec. and will be hereinafter cited as "Exh. ___."

952436;GLIS 9794

Indeed, in September 1996, the TA and plaintiffs' union entered into a Memorandum of Understanding amending the CBA , expressly providing that there be no requirement that the Health Benefit Trust maintain reserves or any fund balance. A copy of that memorandum of Understanding is attached hereto as Exhibit 3.

10. As addressed fully in the TA's and the MTA's moving papers, ultimately, the entire Health Benefit Trust was discontinued pursuant to the CBA which became effective December 16, 2002. The TA agreed, in lieu of payments to the Health Benefit Trust, to provide a guaranteed defined benefit plan for both active employees and retirees.

11. Because the exhibits containing the various agreements and CBAs are voluminous the TA does not submit duplicates of those documents, but cites, in its papers to the Exhibtis Submitted with the Declaration of Ching Wah Chin, submitted with the MTA's Motion to dismiss, and hereby expressly adopts the arguments made in that motion.

**WHEREFORE**, it is respectfully requested that a judgment be issued dismissing the complaint against the individual defendants and granting such other and further relief as may be deemed just and proper.

Executed under penalty of perjury in Brooklyn, New York, on March 19, 2007.

Francine E. Menaker ( FEM 8732)