UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X
                                  :
DANIEL P. D'ANTONIO, et al.,      :
                                  :
                Plaintiffs,       :
                                  :
        -against-                 :
                                  :        06 cv 4283(KMW)
METROPOLITAN TRANSPORTATION       :        Opinion and Order
AUTHORITY; NEW YORK CITY TRANSIT  :
AUTHORITY; TRANSPORT WORKERS UNION :
OF AMERICA, AFL-CIO, LOCAL 100;   :
ROGER TOUSSAINT as President of   :
Transport Workers Union Local 100; :
and JOHN DOE and JANE DOE and other:
persons to be named later as      :
officials of Transport Workers    :
Union, AFL-CIO, Local 100,        :
                                  :
                Defendants.       :
----------------------------------X

WOOD, U.S.D.J.:

    This action arises from Defendants' alleged wrongful

diversion of money from Plaintiffs' employee retirement health

benefit funds.  In this Order, the Court resolves three motions

pending before the Court (the "three motions"): (1) Defendant

Metropolitan Transportation Authority (the "MTA")'s motion for

reconsideration of the Court's April 27, 2007 order denying the

MTA's motion to dismiss the Complaint;[1] (2) Defendant New York

_____

    [1] Although the MTA characterized its original motion as a
motion to dismiss, the Court recharacterizes it as a motion for
judgment on the pleadings because the MTA answered the Complaint
prior to filing its motion.  See MTA Answer (D.E. 4); United
States v. Rivera, 376 F.3d 86, 92 (2d Cir. 2004) ("The court is
not required to accept labels the parties place on their motions

City Transit Authority (the "NYCTA")'s motion to dismiss the
Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6);[2]
and (3) Defendants Transport Workers Union of America Local 100
(the "Union"), Roger Toussaint, John Doe, and Jane Doe (together,
the "Union Defendants")'s motion for partial judgment on the
pleadings.

For the reasons stated below, the Court (1) GRANTS the MTA's
motion for reconsideration and GRANTS in part and DENIES in part
the MTA's earlier motion for judgment on the pleadings; (2)
GRANTS in part and DENIES in part the NYCTA's motion to dismiss;
and (3) GRANTS in part and DENIES in part the Union Defendants'
motion for partial judgment on the pleadings.

I. Background[3]

     A. The Parties

Plaintiffs are allegedly employees of the MTA and members of
the Union, and are currently about to retire.  Compl. ¶¶ 1, 3.

Defendant MTA is a public authority and public benefit

---

if those characterizations are inapt . . . .").

   [2] The NYCTA was named as a defendant in Plaintiffs' Amended
Complaint (D.E. 30).  The Court shall refer to the Amended
Complaint as "the Complaint" for the purposes of this motion.

   [3] For the purpose of considering a motion to dismiss or a
motion for judgment on the pleadings, the Court must accept as
true the allegations in the Complaint.  See Cleveland v. Caplaw
Enters., 448 F.3d 518, 521 (2d. Cir. 2006); Blue Tree Hotels Inv.
(Canada), Ltd. v. Starwood Hotels & Resorts WorldWide, Inc., 369
F.3d 212, 217 (2d Cir. 2004).

corporation, created and operated pursuant to the Public Authorities Law of the State of New York. <u>See</u> N.Y. Pub. Auth. Law § 1263. It is responsible for operating, <u>inter alia</u>, all of the rapid transit lines within New York City. <u>See</u> Compl. ¶ 12. Defendant NYCTA is also a public authority and public benefit corporation, created and operated pursuant to the Public Authorities Law of the State of New York. <u>See</u> N.Y. Pub. Auth. Law § 1201. It provides subway and bus transportation throughout New York City. Plaintiffs allege that the NYCTA is a subsidiary of the MTA. <u>See</u> Compl. ¶ 13. Defendant Union is Plaintiffs' collective bargaining representative. Defendant Toussaint is President of the Union.

B. <u>Plaintiffs' Retirement Health Benefit Plans</u>

The Complaint alleges that Plaintiffs are participants in or beneficiaries of two health benefit plans. First, under the "25/55 Plan," "some" of the Plaintiffs, as well as thousands of similarly-situated MTA and NYCTA employees, were "assured of" certain health benefits upon retirement in exchange for contributing 2.3 percent of their wages to a fund maintained by the MTA (the "Health Benefit Fund").[4] Compl. ¶¶ 1, 2, 46.

---

[4] According to the Complaint, the 25/55 plan allowed eligible MTA and/or NYCTA employees to retire at age fifty-five with full medical benefits. Compl. ¶ 48. The MTA and/or NYCTA allegedly deducted wages from some Plaintiffs' paychecks as part of this program from January 1995 until December 1996. Compl. ¶¶ 2, 60.

Plaintiffs' briefing clarifies that they allege the 25/55 Plan was established pursuant to a Collective Bargaining Agreement between the NYCTA and the Union (the "25/55 CBA"). See Pl. Counterstatement (D.E. 47) ¶ 13; see also Pegram v. Herdrich, 530 U.S. 211, 230 n.10 (2000) (noting that the Court may use a plaintiffs' brief to clarify allegations in the complaint whose meaning is unclear). Second, the Complaint also alleges the existence of an "Active Benefit Fund," which was established "for . . . [Plaintiffs'] benefit" to pay for health benefits upon retirement. The Active Benefit Fund was also funded through wage deductions from Plaintiffs. However, the Complaint does not specify how the Active Benefit Fund was created, or whether the Active Benefit Fund was also established pursuant to the 25/55 CBA. See Compl. ¶¶ 2, 3, 62.

C. Diversion of Funds

The Complaint alleges that the "MTA and/or NYCTA" took and misapplied money from the Health Benefit Fund and Active Benefit Fund (the "Funds"), with the active or tacit consent of the Union. Compl. ¶ 63. Money from the Funds is no longer available to fund Plaintiffs' retirement health benefits, and Plaintiffs are allegedly going to be deprived of retirement health benefits as a result of this diversion of funds. Compl. ¶¶ 3, 63, 65, 90. In addition, the Complaint alleges that the Union induced Plaintiffs to vote for approval of the 25/55 Plan, while knowing

4

that the MTA and/or the NYCTA intended to use the Health Benefit Fund as their own "slush fund." Compl. ¶¶ 5, 56.

    D. Plaintiffs' Claims

    Plaintiffs allege the following claims, arising from Defendants' alleged diversion of money from the Funds: (1) wrongful misappropriation of funds by the MTA, NYCTA, and Union (claims 1 and 10); (2) conversion and bad faith by the MTA, NYCTA, and Union (claims 2(a) and 11(a)); (3) breach of the duty of fair representation by the Union (claims 2(b) and 11(b)); (4) breach of fiduciary duties by the Union in violation of New York Labor Law § 723 (claims 3 and 12); (5) breach of the Union's duty to hold Plaintiffs' money solely for the benefit of the Union and its members, in violation of 29 U.S.C. § 501 and New York Labor Law § 720 (claims 4 and 13); (6) fraud by the MTA, NYCTA, and Union (claims 5 and 14); (7) unjust enrichment of the MTA and NYCTA by the MTA, NYCTA, and Union (claims 6 and 15); (8) wrongful garnishment of Plaintiffs' wages by the MTA and NYCTA in violation of New York General Municipal Law § 92-a(2) (claims 7 and 16); (9) wrongful garnishment of Plaintiffs' wages by the MTA and NYCTA in violation of New York Labor Law § 193(1)(b) (claims 8 and 17); and (10) breach of contract by the MTA, NYCTA, and Union by unlawfully diminishing Plaintiffs' retirement benefits in violation of the New York Constitution, Article 5, § 7 (claims 9 and 18).

In addition, the Court infers from the Complaint a claim for breach of contract against the NYCTA and MTA, arising from their alleged breach of the 25/55 CBA by diverting money from the Funds (the "25/55 contract claim"). See Newman v. Silver, 713 F.2d 14, 16 n.1 (2d Cir. 1983) ("The nature of federal pleading . . . is by statement of claim, not by legal theories.").

II. Discussion

A. The MTA's Motion for Reconsideration

The MTA asks the Court to reconsider its April 27, 2007 order (the "April 2007 Order") denying the MTA's motion for judgment on the pleadings.[5] In the April 2007 Order, the Court converted the MTA's motion to a motion for summary judgment, and concluded that summary judgment was inappropriate because "the parties have not yet engaged in discovery, and the briefing . . . reveals that there are disputed issues of material fact." Order 2. The Court concludes that reconsideration of the April 2007 Order is appropriate.

---

[5] Plaintiffs argue that the Court should not consider this Motion for Reconsideration because (1) it was filed after Local Rule 6.3's 10-day deadline, and (2) the MTA did not file a notice of motion as required by Local Rule 6.1. The Court concludes that it should overlook the motion's procedural defects. The MTA filed its motion only a day late. See Local Rule 6.3; Fed. R. Civ. P. 6(a). Plaintiffs had actual notice of the MTA's motion and do not argue that they were prejudiced by the MTA's delay or by the absence of a properly-filed notice of motion. The Court therefore uses its "broad discretion" to "overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001).

Although the MTA attached exhibits not referenced in the Complaint, the MTA also made arguments for dismissal based solely on facts alleged in the Complaint. For example, the MTA argued that Plaintiffs' tort claims should be dismissed because Plaintiffs did not file a notice of claim, and that the statutes relied upon by Plaintiffs do not apply to the MTA. See MTA Mem. of Law 14-18 (D.E. 16). The Court erred by not evaluating these arguments on their merits. Because the April 2007 Order overlooked undisputed facts alleged in the Complaint, the Court will reconsider the MTA's motion for judgment on the pleadings. See Travelers Ins. Co. v. Buffalo Reinsurance Co., 739 F. Supp. 209, 211 (S.D.N.Y. 1990) (noting that a court should grant a motion for reconsideration if it failed to consider factual matters that were put before the Court in the underlying motion). The Court analyzes the merits of the MTA's motion for judgment on the pleadings together with the NYCTA's motion to dismiss in Part II.C.

B. Standard for Motion to Dismiss and Motion for Judgment on the Pleadings[6]

_____

[6] The Court notes that Defendants accompanied their motions with exhibits and declarations. At the motion to dismiss or motion for judgment on the pleadings stage, the Court will consider only (1) those documents attached to the pleadings as an exhibit or any statements or documents incorporated in the Complaint by reference, and (2) any documents that are integral to the Complaint or an appropriate subject for judicial notice. See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154-56 (2d Cir. 2006). The Court analyzes whether it should

The NYCTA moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. The MTA and the Union Defendants each move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

In weighing a Rule 12(b)(6) motion to dismiss, the Court must "accept[ ] as true the factual allegations in the complaint and draw[ ] all inferences in the plaintiff's favor." <u>Scutti Enters., LLC v. Park Place Entm't Corp.</u>, 322 F.3d 211, 214 (2d. Cir. 2003). "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1969 n.8 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the Complaint's allegations are true (even if doubtful in fact)." <u>Id.</u> at 1965 (citations omitted).

"The standard for addressing a Rule 12(c) motion for

_____

consider specific documents offered by Defendants when it discusses the merits of Defendants' arguments for dismissal in Parts II.C.5 and II.D.1. The Court also notes that it does not convert Defendants' motions to motions for summary judgment. "Summary judgment is strongly disfavored prior to the parties having had an adequate opportunity for discovery." <u>Park Avenue Bank, N.A. v. Bankasi</u>, No. 93 Civ. 1483, 1995 WL 739514, at *1 (S.D.N.Y. Dec. 13, 1995).

judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). A motion for judgment on the pleadings "'is appropriate where material facts are undisputed' after a court has considered the complaint, the answers and incorporated documents or materials, and a judgment 'is possible merely by considering the contents of the pleadings.'" B.K. Solomon-Lufti v. New York City Dep't of Educ., No. 05 Civ. 7260, 2006 WL 2664218, at *2 (S.D.N.Y. Sept. 13, 2006) (quoting United States v. 44 Autumn Ave., 156 F.R.D. 26, 30 (E.D.N.Y. 1994)).

C. The MTA's Motion for Judgment on the Pleadings and the NYCTA's Motion to Dismiss

The MTA and NYCTA each argue that the entire Complaint should be dismissed against them because, inter alia, (1) Plaintiffs did not state a claim for contract breach under Article 5, § 7 of the New York Constitution ("Article 5, § 7") because health insurance benefits are not within the constitution's protection; (2) New York General Municipal Law § 92-a and New York Labor Law § 193 do not apply to either the MTA or the NYCTA; (3) Plaintiffs did not file a notice of claim with respect to their tort claims; (4) Plaintiffs' 25/55 contract claim is barred by the statute of limitations and by Plaintiffs' failure to follow mandatory grievance procedures; (5) Plaintiffs'

25/55 contract claim is non-meritorious because subsequent collective bargaining agreements terminated the Funds; and (6) Plaintiffs' unjust enrichment claims should be dismissed because they are redundant, as well as barred by Plaintiffs' failure to file a notice of claim. The MTA further argues it is not an appropriate defendant with respect to the 25/55 contract claim because it was not a party to the 25/55 CBA.

For the reasons stated below, the Court dismisses claims 1-2, 5-11, 14, and 16-18 against the MTA and NYCTA.[7] The Court also dismisses the 25/55 CBA claim against the MTA, but does not dismiss this claim against the NYCTA.

    1. Breach of Contract Under N.Y. Constitution (claims 9 and 18)

Pursuant to the New York Constitution ("N.Y. Constitution"), "membership in any pension or retirement system of the state or of a civil division thereof [is] . . . a contractual relationship, the benefits of which shall not be diminished or impaired." N.Y. Const., Art. 5, § 7. Plaintiffs argue that Defendants' alleged diversion of money from the Funds constitutes a breach of contract under this provision. The Court concludes that Article 5, § 7 does not apply to changes to retirement

_____

[7] The Court notes that Plaintiffs did not raise claims 3-4 and 12-13 against the MTA or NYCTA. Thus, claim 15 (for unjust enrichment with respect to the Active Benefit Fund) is the only remaining numbered claim against the MTA and NYCTA.

health benefits.  Therefore, Plaintiffs have not stated a claim
for breach of contract under Article 5, § 7.

The N.Y. Constitution "does not impair the right of the
public employer to alter retirement benefits other than pension
contracts," McDermott v. McDermott, 119 A.D.2d 370, 382 (N.Y.
App. Div. 1986), and the New York Court of Appeals has explicitly
held that retirement health insurance benefits are not within the
N.Y. Constitution's protections.  See Lippman v. Bd. of Educ. of
the Sewanhaka Cent. High Sch. Dist., 66 N.Y.2d 313, 315 (N.Y.
1985).[8]  Because the Complaint alleges that the MTA and NYCTA
reduced Plaintiffs' retirement health benefits, it does not state
a claim for breach of contract under Article 5, § 7.  The Court
therefore dismisses claims 9 and 18 against all defendants.[9]

2. Statutory Claims (claims 7-8, 16-17)

The Complaint alleges that the MTA and NYCTA violated New
York General Municipal Law § 92-a(2) and New York Labor Law §
193(1)(b), by wrongfully garnishing Plaintiffs' wages without
written authorization.  The MTA and NYCTA argue that Plaintiffs'

---

[8] Plaintiffs do not offer contrary authority or even respond
to the MTA's and NYCTA's argument that this claim should be
dismissed.

[9] Although the Union Defendants did not raise this argument,
it is equally applicable to the Article 5, § 7 claims against
them.  Plaintiffs had the opportunity to brief this issue with
respect to the MTA's and NYCTA's motions, and they are therefore
not prejudiced by the Court's application of this argument to the
Union Defendants as well.  Accordingly, the Court concludes that
claims 9 and 18 should be dismissed against all defendants.

11

claims should be dismissed because these statutes do not regulate the MTA or the NYCTA.  The Court agrees.[10]

### a. New York General Municipal Law § 92-a(2)

New York General Municipal Law § 92-a(2) authorizes "public corporations" to deduct employees' wages, with their consent, to pay for medical insurance plans.  As public benefit corporations, neither the MTA nor the NYCTA meet this statute's definition of "public corporations."  See N.Y. Gen. Mun. Law § 92-a(1) (defining "public corporation" as "a municipal corporation, a district corporation, a school district, a consolidated health district and a county or town special district or a joint special district, governed by a separate board of commissioners").

The MTA and NYCTA are clearly not school districts, health districts, or county or town special districts.  Likewise, they do not fall under the definition of a "district corporation." See N.Y. Gen. Constr. Law § 66 (defining a "district corporation" to include "any territorial division of the state, other than a municipal corporation . . . which possesses the power to contract indebtedness and levy taxes or benefit assessments upon real estate or to require the levy of such taxes or assessments").

---

[10] The MTA and NYCTA also argue that they are not employers under New York Labor Law §§ 720, 723 or 29 U.S.C. § 501.  The Court does not reach this issue because the Complaint does not allege a cause of action against the MTA or NYCTA pursuant to these statutes.  Rather, the Complaint alleges this cause of action only against the Union Defendants.  See Compl. ¶¶ 74-78, 99-103.

Finally, the MTA and NYCTA do not fall within the statute's
definition of a "municipal corporation."  <u>See</u> N.Y. Gen. Mun. Law
§ 2 (defining "municipal corporation" to "include[] only a
county, town, city and village"); <u>Bender v. Jamaica Hosp.</u>, 40
N.Y.2d 560, 561-62 (N.Y. 1976) (holding that a public benefit
corporation does not "fit within" the General Municipal Law's
definition of municipal corporation because it applies "only" to
a county, town, city, or village).  Plaintiffs do not offer
contrary authority or even respond to the MTA's and NYCTA's
argument.  Because the Court concludes that the MTA and NYCTA do
not fall under the statutory definition of a public corporation,
it dismisses Plaintiffs' New York General Municipal Law § 92-a(2)
claims (claims 7 and 16).

b. <u>New York Labor Law § 193(1)(b)</u>

New York Labor Law § 193(1)(b) states that "[n]o employer
shall make any deduction from the wages of an employee, except
deductions which . . . are expressly authorized in writing by the
employee and are for the benefit of the employee."  The statute
provides that "[t]he term 'employer' shall not include a
governmental agency."  N.Y. Labor Law § 190(3).  The MTA and
NYCTA are both governmental agencies, and therefore do not fall
under the terms of this statute.  <u>See</u> <u>Innis Arden Golf Club v.</u>
<u>Pitney Bowes, Inc.</u>, 514 F. Supp. 2d 328, 338 (D. Conn. 2007)
("The MTA . . . is considered a state agency under New York

13

law."); <u>Straker v. Metro. Transit Auth.</u>, 333 F. Supp. 2d 91, 96 (E.D.N.Y. 2004) ("NYCTA is a government agency of the City of New York . . . ."). Plaintiffs do not offer contrary authority or even respond to the MTA and NYCTA's argument. The Court therefore concludes that New York Labor Law § 193(1)(b) does not apply to the MTA or NYCTA, and dismisses claims 8 and 17.

### 3. <u>Tort Claims (claims 1, 2(a), 5, 10, 11(a), and 14)</u>

The MTA and NYCTA argue that the Court should dismiss Plaintiffs' tort claims against them for fraud, misappropriation, and conversion, because Plaintiffs failed to serve them with a notice of claim. The Court agrees, and dismisses Plaintiffs' fraud, misappropriation, and conversion claims against the MTA and NYCTA.

A plaintiff may not commence an action "founded on tort" against the MTA or NYCTA, "unless a notice of claim shall have been served." <u>See</u> N.Y. Pub. Auth. Law §§ 1212(2), 1276(2).[11] Plaintiffs concede that they have not filed a notice of claim against either the MTA or the NYCTA. Plaintiffs argue, however, that the Court should not dismiss their tort claims because (1) the § 1212(2) and § 1276(2) notice of claim requirement applies

---

[11] "The notice shall be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable . . . ." N.Y. Gen. Mun. Law § 50-e(2).

only to personal injury actions; and (2) if Plaintiffs were required to file a notice of claim, the Court should grant them leave to file a late notice.  Neither argument is persuasive.

Plaintiffs' argument that the notice of claim requirement applies only to personal injury actions is inconsistent with the plain language of § 1212(2) and § 1276(2), which require Plaintiffs to serve a notice of claim for any action "founded on tort."  Plaintiffs offer no authority supporting an alternative reading of these statutes,[12] and the Court therefore follows the statutes' plain meaning.  See also Groves v. New York City Transit Auth., 843 N.Y.S.2d 452, 453 (N.Y. App. Div. 2007) ("Timely service of a notice of claim is a condition precedent to the commencement of an action sounding in tort against the New York City Transit Authority [or] the Metropolitan Transportation Authority . . . .").

With respect to Plaintiffs' argument that the Court should grant them leave to file a late notice of claim, the Court concludes that it lacks jurisdiction to consider such a request. Pursuant to N.Y. General Municipal Law § 50-e(7), applications

---

[12] The only authority Plaintiffs cite is Cervenka v. New York City Transit Auth., 216 A.D.2d 511, 511 (N.Y. App. Div. 1995). However, Cervenka does not support Plaintiffs' argument.  In Cervenka, the court held that a plaintiff was not required to serve a notice of claim in a statutory employment discrimination action because the action was "not a tort action."  Id.  In contrast, Plaintiffs allege a series of tort claims against the MTA and NYCTA.

for leave to serve a late notice of claim may be filed only in certain state courts. <u>See</u> § 50-e(7) ("All applications . . . shall be made to the supreme court or to the county court . . . ."). The Court agrees with the "overwhelming weight of authority among district courts in the Second Circuit" that this provision prohibits a federal court from granting leave to file a late notice of claim. <u>See</u> <u>Henneberger v. County of Nassau</u>, 465 F. Supp. 2d 176, 200 (E.D.N.Y. 2006); <u>see also</u> <u>Drees v. County of Suffolk</u>, No. 06-cv-3298, 2007 WL 1875623, at *15 (E.D.N.Y. Jun. 27, 2007); <u>Costabile v. County of Westchester</u>, 485 F. Supp. 2d 424, 431 (S.D.N.Y. 2007); <u>Brown v. Metro. Transp. Auth.</u>, 717 F. Supp. 257, 258-61 (S.D.N.Y. 1989).

Accordingly, because Plaintiffs failed to file a notice of claim with respect to their tort claims for fraud (claims 5 and 14), misappropriation (claims 1 and 10),[13] and conversion (claims

---

[13] In their opposition to the MTA's motion, Plaintiffs argue that they were not required to file a notice of claim with respect to their misappropriation claim, because this claim is indistinguishable from their breach of contract claim. Assuming <u>arguendo</u> that Plaintiffs' misappropriation claim is really a claim for breach of contract, then it should be dismissed as redundant because Plaintiffs asserted contract breach claims. Plaintiffs have no separate tort remedy for an action based solely on breach of contract. <u>See</u> <u>IBM Credit Fin. Corp. v. Mazda Motor Mfg. (USA) Corp.</u>, 152 A.D.2d 451, 453 (N.Y. App. Div. 1989) ("In the absence of a breach of a duty, independent of the contract, which results in injury, a tort claim will not lie."); <u>Clark-Fitzpatrick v. Long Island R.R. Co.</u>, 70 N.Y.2d 382, 389 (N.Y. 1987) ("It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated.").

2(a) and 11(a)), the Court dismisses these claims against the MTA and NYCTA.[14]

### 4. Unjust enrichment (claims 6 and 15)[15]

The MTA and NYCTA argue that Plaintiffs' unjust enrichment claims should be dismissed because these claims arise from the 25/55 CBA.[16]  The Court concludes that Plaintiffs' unjust enrichment claim with respect to the Health Benefit Fund should be dismissed, but that their claim with respect to the Active Benefit Fund should not be dismissed at this time.

### a. Health Benefit Fund Claim (claim 6)

Plaintiffs allege a claim for unjust enrichment based on the MTA's and NYCTA's diversion of funds from the Health Benefit Fund.  The Health Benefit Fund was created pursuant to the 25/55 CBA, a contract between the NYCTA and the Union.  Because the

---

[14] Plaintiff also alleges that the MTA and NYCTA acted in "bad faith" (claims 2(a) and 11(a)), although neither Plaintiffs nor Defendants discuss this claim in their briefing.  Insofar as Plaintiffs allege a tort claim for bad faith against the MTA and NYCTA, the Court dismisses this claim as well, for failure to file a notice of claim.  The Court also notes that in alleging "bad faith," Plaintiffs may have intended to allege a claim for breach of the implied covenant of good faith and fair dealing. The Court discusses this potential claim infra note 22.

[15] In order to state a claim for unjust enrichment under New York law, a plaintiff must show that "(1) defendant was enriched, (2) the enrichment was at plaintiff's expense, and (3) the circumstances were such that equity and good conscience require defendant to make restitution." Violette v. Armonk Assocs., L.P., 872 F. Supp. 1279, 1282 (S.D.N.Y. 1995).

[16] The Court notes that Plaintiffs never responded to this argument.

25/55 CBA governs Plaintiffs' rights with respect to the Health Benefit Fund, Plaintiffs cannot allege a claim against Defendants for unjust enrichment. "The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement." Goldman v. Metro. Life Ins. Co., 5 N.Y.3d 561, 572 (N.Y. 2005).[17] Because the 25/55 CBA governs Plaintiffs' rights with respect to the Health Benefit Fund, the Court dismisses Plaintiffs' unjust enrichment claim against all defendants (claim 6).[18]

### b. Active Benefit Fund Claim (claim 15)

Plaintiffs also allege an unjust enrichment claim with respect to the Active Benefit Fund, arguing that the "MTA and/or NYCTA" "effectively garnished wages of its employees . . . with no authority to do so." Compl. ¶ 107. The Complaint does not make clear whether the Active Benefit Fund is governed by a valid

---

[17] The Court notes that although the MTA is not a party to the 25/55 CBA, the contract still governs Plaintiffs' rights with respect to the Health Benefit Fund. Accordingly, Plaintiffs cannot state a claim for unjust enrichment against any of the defendants. See Clark-Fitzpatrick, Inc. v Long Island R.R. Co., 70 N.Y.2d 382, 388 (N.Y. 1987) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter.").

[18] Although the Union Defendants did not raise this argument, it is equally applicable to the unjust enrichment claim against them. Plaintiffs had the opportunity to brief this issue with respect to the MTA's and NYCTA's motions, and they are therefore not prejudiced by the Court's application of this argument to the Union Defendants as well. Accordingly, the Court concludes that claim 6 should be dismissed against all defendants.

contract, and none of the alleged contracts cited by the MTA and

NYCTA as exhibits make reference to the "Active Benefit Fund."

The Court therefore concludes that factual development is

necessary in order to establish the origins of the Active Benefit

Fund.  Accordingly, the Court cannot conclude at this stage that

Plaintiffs' unjust enrichment claim is precluded by the 25/55

CBA.[19]

---

[19] The NYCTA also argues that Plaintiffs' unjust enrichment
claim should be dismissed for failure to file a notice of claim.
The § 1212(2) and § 1276(2) notice of claim requirements
generally do not apply to unjust enrichment claims.  See
Schneider v. Town of Orangetown, 673 N.Y.S.2d 281, 281 (N.Y. Sup.
Ct. 1998); Accredited Demolition Constr. Corp. v. City of
Yonkers, 37 A.D.2d 708, 709 (N.Y. App. Div. 1971).  However, the
NYCTA argues that Plaintiffs' claim should be dismissed because
it arises out of a claim for conversion.  See Smith v. Scott, 294
A.D.2d 11, 17 (N.Y. App. Div. 2002) ("[A] notice of claim
[requirement] . . . may not be evaded by resort to an [action
upon the equitable principle of unjust enrichment] instead of an
action in tort for conversion . . . .").
     This argument is unpersuasive, because the facts Plaintiffs
allege with respect to the Active Benefit Fund do not support a
conversion claim against the MTA or NYCTA.  Plaintiffs allege
that the MTA and NYCTA diverted money from the Active Benefit
Fund.  In order to state a claim for conversion, Plaintiffs must
allege that they had "title, possession, or control" of that
Fund.  See Fiorenti v. Cent. Emergency Physicians, PLLC, 305
A.D.2d 453, 454-55 (N.Y. App. Div. 2003).  Plaintiffs make no
such allegation; rather, they allege that the Active Benefit Fund
held money that was to be used to pay for their health benefits.
See Compl. ¶ 62.  Plaintiffs also cannot state a claim for
conversion based on the MTA's and NYCTA's initial deduction of
their wages.  Plaintiffs allege that they contributed their money
to a fund "for use of the benefit [Union] members."  Compl. ¶ 62.
Accordingly, Plaintiffs cannot state a claim for conversion
because they authorized the deductions and no longer "ha[ve]
legal ownership or an immediate right of possession" with respect
to this money.  Whitman Realty Group, Inc. v. Galano, 838
N.Y.S.2d 585, 592 (N.Y. Sup. Ct. 2007).  The NYCTA did not point
the Court to another way to characterize Plaintiffs' unjust

5. 25/55 CBA Contract Claim

The MTA and NYCTA each argue that the 25/55 contract claim should be dismissed against them.  The Court concludes that this claim should be dismissed against the MTA, but not against the NYCTA.

a. The MTA

The MTA argues that Plaintiffs' breach of contract claim should be dismissed against it because the MTA was not a party to the 25/55 CBA.  The Court agrees, and dismisses the breach of contract claim against the MTA.

"[A] contract cannot bind a non-party."  Int'l Customs Assocs., Inc. v. Ford Motor Co., 893 F. Supp. 1251, 1256 (S.D.N.Y. 1995); see also Crabtree v. Tristar Auto. Group, Inc., 776 F. Supp. 155, 166 (S.D.N.Y. 1991) ("It is hornbook law that a non-signatory to a contract cannot be named as a defendant in a breach of contract action unless it has thereafter assumed or been assigned the contract.").  The 25/55 CBA is an agreement between the Union and NYCTA; the MTA is not a party.  Although the Complaint alleges that the NYCTA is a subsidiary of the MTA, Compl. ¶ 13, Plaintiffs allege no facts regarding the MTA's participation in the negotiation of the 25/55 CBA or the MTA's relationship with the NYCTA that would indicate that the MTA

_____

enrichment claim as sounding in tort.  The Court therefore applies the general rule that Plaintiffs need not file a notice of claim for their unjust enrichment claim.

should be liable for the NYCTA's contract. See <u>Horsehead Indus.,</u>
<u>Inc. v. Metallgesellschaft AG</u>, 239 A.D.2d 171, 171-72 (N.Y. App.
Div. 1997) (noting that a parent can be liable as a party to a
subsidiary's contract "if the parent's conduct manifests an
intent to be bound by the contract, which intent is inferable
from the parent's participation in the negotiation of the
contract, or if the subsidiary is a dummy for the parent, or if
the subsidiary is controlled by the parent for the parent's own
purposes").[20]  Accordingly, the Court dismisses the 25/55
contract claim against the MTA.

b. <u>The NYCTA</u>

The NYCTA argues that Plaintiffs' 25/55 contract claim
against them should be dismissed because (1) the NYCTA's actions
with respect to the Funds are permitted under a subsequent
collective bargaining agreement between the NYCTA and the Union
(the "2002 CBA"); (2) Plaintiffs failed to follow a mandatory
grievance procedure outlined in the 2002 CBA to challenge the
NYCTA's actions; and (3) Plaintiffs' claim is barred by New
York's six-year statute of limitations for contract disputes.
The Court denies the NYCTA's motion because (1) the Court cannot

---

[20] The Complaint also alleges that the "MTA and/or NYCTA"
deducted wages from Plaintiffs pursuant to the 25/55 Plan, Compl.
¶ 60, and that the "MTA and/or NYCTA" subsequently diverted these
funds, Compl. ¶ 3.  Although these allegations may support other
claims against the MTA, they do not support Plaintiffs' breach of
contract claim.

consider the 2002 CBA at the motion to dismiss stage; and (2) the facts alleged in the Complaint do not establish that Plaintiffs' claim is barred by the statute of limitations.

### i. 2002 CBA

The NYCTA argues that Plaintiffs failed to state a claim for breach of the 25/55 CBA because its actions were permitted by the 2002 CBA. The NYCTA alleges that the 2002 CBA eliminated the Funds and created a guaranteed defined benefit plan for both active employees and retirees.[21] The NYCTA also argues that Plaintiffs failed to abide by a provision in the 2002 CBA that provides for mandatory grievance procedures for alleged breaches of the agreement by the NYCTA. The Court concludes that it cannot consider the 2002 CBA at this stage, and therefore does not reach the merits of the NYCTA's arguments.

Because the pleadings do not attach or reference the 2002 CBA, the Court may only consider the 2002 CBA if it is "integral to [the] complaint." Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 156 (2d Cir. 2006). Documents are integral to the Complaint when a plaintiff "rel[ied] on the terms and effect of a document in drafting the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (emphasis in original). The 2002 CBA is not integral to the Complaint. The

---

[21] The 2002 CBA was submitted as an exhibit to the MTA's motion for judgment on the pleadings and to the NYCTA's motion to dismiss.

Complaint never mentions the 2002 CBA, and alleges only that the MTA and NYCTA "wrongfully t[ook] and misapplied" money from the Funds. Compl. ¶ 63. Moreover, in their briefing, Plaintiffs state that they do not concede that the 2002 CBA was the cause of the Funds' alleged diversion, or that the 2002 CBA is valid. See, e.g., Pl. Counterstatement (D.E. 47) ¶ 8 ("Without discovery it cannot be ascertained what exactly occurred to the [Health Benefit Fund] and/or whether the CBA was valid."). Furthermore, the Court cannot conclude as a matter of law that the "Welfare Benefit Trust Fund" referred to in the 2002 CBA is synonymous with the Funds referred to in the Complaint.

The Court therefore concludes that because the Complaint does not rely on any of the 2002 CBA's terms, it is not integral to the Complaint and the Court cannot consider it with respect to the NYCTA's motion. Accordingly, the Court does not consider the NYCTA's arguments that (1) Plaintiffs failed to state a claim for breach of the 25/55 CBA because Defendants' actions were permitted by the 2002 CBA; and (2) Plaintiffs failed to follow mandatory grievance procedures in the 2002 CBA.

ii. <u>Statute of Limitations</u>

The NYCTA argues that any breach of the 25/55 CBA occurred in 1995-1996, when the NYCTA deducted wages from Plaintiffs, and that Plaintiffs' 25/55 contract claim is therefore barred by the statute of limitations. This argument is unpersuasive. "A court

may dismiss a claim on the basis of an affirmative defense only if the facts supporting the defense appear on the face of the complaint . . . ." <u>United States v. Space Hunters, Inc.</u>, 429 F.3d 416, 426 (2d Cir. 2005) (internal quotation marks omitted). The Complaint alleges that the 1995-1996 deductions were made <u>pursuant</u> to the 25/55 CBA; the alleged breach occurred later, when Defendants allegedly diverted money from the Funds. <u>See</u> Compl. ¶¶ 61-62. The timing of this alleged diversion does not appear on the face of the Complaint, nor does the NYCTA point to undisputed facts regarding when the NYCTA's alleged diversion of funds occurred. Accordingly, the Court will not dismiss Plaintiff's 25/55 contract claim against the NYCTA on statute of limitations grounds.[22]

        In conclusion, the Court dismisses claims 1-2, 5-11, 14, and 16-18 against the MTA and NYCTA. It also dismisses the 25/55

---

[22] In their Complaint, Plaintiffs allege that the MTA and NYCTA acted in "bad faith." The Court notes that Plaintiffs may have intended to allege a separate claim for breach of the implied covenant of good faith and fair dealing. Insofar as Plaintiffs allege such a claim, the Court dismisses it against the MTA and NYCTA. Because the MTA was not a party to the 25/55 CBA, it is not bound by any implied terms of the agreement. With respect to the NYCTA, any separate claim for breach of the implied covenant should be dismissed because Plaintiffs allege a separate claim for breach of contract. <u>See</u> <u>Harris v. Provident Life & Accident Ins. Co.</u>, 310 F.3d 73, 81 (2d Cir. 2002) ("New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled.").

contract claim against the MTA.[23]  Finally, the Court dismisses

claims 6, 9, and 18 against the Union Defendants, on the basis of

arguments raised in the MTA's and NYCTA's motions.  The Court

next considers the Union Defendants' motion for partial judgment

on the pleadings.

D. <u>Union Defendants' Motion for Judgment on the Pleadings</u>

The Union Defendants move for partial judgment on the

pleadings.  In their motion, they argue that (1) Plaintiffs'

claims for misappropriation (claims 1 and 10), breach of the duty

of fair representation (claims 2(b) and 11(b)), fraud (claims 5

and 14), unjust enrichment (claims 6 and 15), and breach of

contract (claims 9 and 18) should be dismissed because they are

barred by the applicable statutes of limitation; and (2)

Plaintiffs' fraud claims should be dismissed for failure to

allege fraud with particularity pursuant to Federal Rule of Civil

Procedure 9(b).  The Court notes that it has already dismissed

claims 6, 9, and 18 against the Union Defendants.  With respect

to the remaining claims, the Court denies the Union Defendants

judgment on the pleadings regarding their statute of limitations

argument, because factual development is necessary to determine

when the alleged activities occurred.  The Court grants the Union

_____

[23] Thus, the only claim remaining against the MTA is claim 15
for unjust enrichment with respect to the Active Benefit Fund.
The only claims remaining against the NYCTA are (1) claim 15 for
unjust enrichment with respect to the Active Benefit Fund; and
(2) the 25/55 contract claim.

Defendants' motion with respect to the fraud claims.

### 1. Statute of Limitations

"The statute of limitations is normally an affirmative
defense, on which the defendant has the burden of proof.  The
defendant's normal burden includes showing when the cause of
action accrued."  Bano v. Union Carbide Corp., 361 F.3d 696, 710
(2d Cir. 2004) (citations omitted).  To establish that
Plaintiffs' claims are barred by the applicable statutes of
limitation, the Union Defendants present an alternative factual
characterization of the allegations in the Complaint, and point
the Court to a 1996 Collective Bargaining Agreement (the "1996
CBA") that was attached to their Answer.  The Court concludes
that the Union Defendants' allegations do not conclusively
establish that Plaintiffs' claims are barred by the statute of
limitations.

The Union Defendants argue that the Complaint
mischaracterized the facts regarding the Funds.  They allege that
the NYCTA made two wage deductions as part of the 25/55 Plan: (1)
a 2.3 percent contribution to a pension plan made pursuant to a
1994 law, and (2) a 1.0 percent contribution to the Health
Benefit Fund, made pursuant to an arbitration award.  According
to the Union Defendants, Plaintiffs' allegations with respect to
the Health Benefit Fund (claims 1-9) actually refer to their
pension benefit contributions, not to their contributions to the

Health Benefit Fund.  Likewise, Plaintiffs' allegations with
respect to the Active Benefit Fund (claims 10-18) actually refer
to the Health Benefit Fund.  Mem. of Law 3-4.

The Court cannot accept the Union Defendants'
characterization of the facts.  Read in the light most favorable
to Plaintiffs, the Complaint alleges the existence of two health
benefit funds: the Health Benefit Fund and the Active Benefit
Fund.  Absent factual development, the Court cannot conclude that
there is in fact only one fund, and that Plaintiffs mistakenly
characterized pension contributions as Health Benefit Fund
contributions.  See Global Network Commc'ns, 458 F.3d at 155
(holding that the Court may only "assess[] the legal feasibility
of the complaint, [and may not] . . . weigh the evidence that
might be offered to support it"); see also Madonna v. United
States, 878 F.2d 62, 65 (2d Cir. 1989) ("In evaluating a Rule
12(c) motion, the court must view the pleadings in the light most
favorable to, and draw all reasonable inferences in favor of, the
nonmoving party.").

The Union Defendants' Answer also attaches the 1996 CBA,
which the Union Defendants allege eliminated the requirement that
the Health Benefit Fund maintain a reserve or fund balance, and
which they argue is the source of Plaintiffs' alleged injury.
The Court may consider the 1996 CBA in the Union Defendants'
12(c) motion because it is "part of the pleadings."  Canario v.

27

City of New York, No. 05 Civ. 9343, 2006 WL 2015651, at *2
(S.D.N.Y. Jul. 12, 2006).[24]  However, the Court cannot conclude
as a matter of law that the 1996 CBA is the source of the Funds'
disappearance.  In their briefing, Plaintiffs do not concede that
the 1996 CBA caused the disappearance of the Funds.  See Pl.
Opp'n 3-4 (stating that discovery is required to determine
"where, why, how, and by whom" the Funds were "spent down").  The
1996 CBA also does not unambiguously refer to the Funds at issue
in the Complaint.  The 1996 CBA refers only to a "Welfare Benefit
Trust." The Complaint never mentioned a Welfare Benefit Trust,
and the Court cannot assume that the Funds are synonymous with
the Welfare Benefit Trust.

Because the Union Defendants' statute of limitations
arguments depend on their alternative factual characterization of
Plaintiffs' claims and on the 1996 CBA, the Court concludes that
they have not shown as a matter of law that Plaintiffs' claims
are barred.  Accordingly, the Court denies the Union Defendants'
motion with respect to their statute of limitations argument.

2.  Adequacy of Fraud Claims

The Union Defendants argue that Plaintiffs' fraud claims

_____

[24] The 1996 CBA states that "the Welfare Benefit Trust shall
maintain current benefits through December 15, 1999.  As a result
there shall be no requirement that the Welfare Benefit Trust
maintain reserves or a fund balance during the term of this
agreement. . . . After December 15, 1999, the [NYCTA] will
recommence making monthly defined contributions to the Welfare
Benefit Trust Fund." 1996 CBA § 8.

(claims 5 and 14) should be dismissed for failure to plead a claim of fraud with particularity.  The Court agrees, and dismisses these claims.

Under New York law, "[t]o state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury." Kaufman v. Cohen, 760 N.Y.S.2d 157, 165 (N.Y. App. Div. 2003). "[T]he circumstances constituting fraud . . . shall be stated with particularity," Fed. R. Civ. P. 9(b), and "fraud allegations ought to specify the time, place, speaker, and content of the alleged misrepresentations." DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987). Plaintiffs have not adequately pleaded fraud, because they do not allege that the Union Defendants made any false representations.

Plaintiffs allege that the Union committed fraud through its promotional campaign to "induce" Union members to "ratify" the 25/55 Plan.[25]  However, Plaintiffs fail to allege any false statements by the Union.  The statements by the Union accurately

_____

[25] The Court notes that the Complaint is unclear regarding whether the Active Benefit Fund was established pursuant to the 25/55 CBA.  The Court assumes arguendo that the Union's representations about the 25/55 CBA apply to the Active Benefit Fund, and concludes that Plaintiffs still fail to state a claim for fraud.

describe the terms of the 25/55 Plan as alleged in the Complaint. The only alleged "misrepresentation" is that the Union knew that the MTA and NYCTA intended to disregard the terms of the agreement. See Compl. ¶ 56. A misrepresentation about a party's intention to perform under a contract does not state a claim for fraud. See Tesoro Petroleum Corp. v. Holborn Oil Co. Ltd., 108 A.D.2d 607, 607 (N.Y. App. Div. 1985) ("A failure to perform promises of future acts is merely a breach of contract to be enforced by an action on the contract. A cause of action for fraud does not arise when the only fraud charged relates to a breach of contract."); see also R. Freedman & Son Inc. v. A.I. Credit Corp., 226 A.D.2d 1002, 1003 (N.Y.A.D. 1996) (distinguishing a false "promise to perform in the future," which does not state a claim for fraud, with an "intentional misrepresentation of the present state of affairs," which does state a claim for fraud). Because Plaintiffs do not allege that the Union misrepresented a present state of affairs, the Court concludes that Plaintiffs have not stated a claim for fraud. Accordingly, the Court dismisses claims 5 and 14 with respect to the Union Defendants.

IV. Conclusion

For the reasons stated above, the Court (1) grants the MTA's motion for reconsideration (D.E. 49), and grants in part and denies in part their motion for judgment on the pleadings (D.E.

16); (2) grants in part and denies in part the NYCTA's motion to dismiss (D.E. 37); and (3) grants in part and denies in part the Union Defendants' motion for judgment on the pleadings (D.E. 60). The Court orders that discovery in this action shall resume.

SO ORDERED

Dated:    New York, New York
         March 4 , 2008

                                    Kimba M. Wood
                              United States District Judge